UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAN KAYAIAN, ) | 1:06cv01631 AWI DLB |
| ) | |
| ) | FINDINGS AND RECOMMENDATION |
| Plaintiff, ) | REGARDING DISMISSAL OF ACTION |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant complaint on November 14, 2006. Plaintiff appeals a decision of the Commissioner of Social Security.

DISCUSSION

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

Fed. R. Civ. P. 8(a) provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Analysis

Plaintiff's complaint, consisting of one page, attempts to appeal a denial of his mother's Social Security benefits on his mother's behalf. Plaintiff names himself, not his mother, as the plaintiff. He states, "my mothers spine is eating itself from the inside out and she is denied because they say she should find work pushing a broom." Complaint, at 1. He states that his mother has been "waiting four years" because she cannot afford an attorney. Plaintiff requests "full payment along with back-pay from first day application was submitted." Complaint, at 1.

Even assuming that the complaint satisfies Rule 8, which it does not, the complaint must be dismissed without leave to amend. Although a non-attorney may appear in propria persona on

his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself. <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir.1987) (holding that while a nonattorney may represent himself, he has no authority to appear as an attorney for others). Accordingly, Plaintiff has no authority to represent his mother. If she wishes to challenge her Social Security decision, she may file her own complaint.

RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED without leave to amend.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 20, 2006**                    /s/ **Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE